# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N23C-05-012 JRJ |
| | ) | |
| COMMUNITY BRANDS | ) | |
| HOLDCO, LLC and COMMUNITY | ) | |
| BRANDS PARENTCO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Date Submitted:  September 6, 2023
Date Decided:  October 26, 2023
Date Corrected: January 4, 2024[1]

## MEMORANDUM OPINION

*Upon Defendants' Motion to Dismiss:* **DENIED**

Daniel C. Herr Esq., Daniel C. Herr, LLC, 1225 N. King Street, Suite 1000, Wilmington, DE 19801.  Attorney for Plaintiff.

Jody C. Barillare, Esq., Morgan, Lewis & Bockius LLP, 1201 N. Market Street, Suite 2201, Wilmington, DE 19801.  Attorney for Defendants.

**Jurden, P.J.**

---

[1] This cover page has been corrected to reflect correct counsel for the defense at the time of this decision.

# I.    INTRODUCTION

This is an action for declaratory judgment and breach of contract. Plaintiff Timothy Burke ("Plaintiff" or "Burke"), claims Community Brands Holdco, LLC and Community Brands Parentco, LLC (collectively "Defendants" or "Community Brands") failed to remit payment owed to Burke from the alleged sale of Community Brands. Community Brands moves to dismiss Burke's Complaint, arguing there was no breach of contract and Burke is not entitled to the compensation sought. For the reasons that follow, Community Brands' Motion to Dismiss is **DENIED**.

# II.    BACKGROUND

## A.    Allegations

Burke began working for Community Brands in May 2018.[2] On November 27, 2018, Community Brands offered Burke a "Community Brands Award Agreement" ("Award") which he accepted and signed.[3] Contained within the Award is a "Management Incentive Award" which details the awarded compensation.[4] The Award contains the following provisions relevant to this dispute:

> [t]he Award is intended to entitle the Participant to gain additional income from the Company sale expected within a future date. . . the Participation Level Award shall be based on the established market value price for the business. You are granted an equity opportunity

---

[2] Pl.'s Compl. ¶ 4, Trans. ID 69926981 (May 1, 2023).

[3] Pl.'s Compl., Ex. A, Trans. ID 69926981 (May 1, 2023). The Award was not a part of any offer letter or any other document describing the terms and conditions of Burke's employment. Pl.'s Ans. Br. in Opp'n to Defs.' Mot. to Dismiss at 3, Trans. ID 70658495 (Aug. 17, 2023).

[4] Pl.'s Compl. ¶¶ 5-6. Collectively, the Community Brands Award and the Management Incentive Award constitute the "Award."

with an earning potential of $75,000.00 at 2.25x exit value or $150,000 x exit 2.50. . . 2.50 or greater is the maximum opportunity. . . Participant shall immediately forfeit any opportunity for payment upon voluntary resignation of Participant's active status as Employee. Termination for Cause. In the event of termination of Participant's Employment for Cause, Participant shall immediately forfeit any payment opportunity. . . The Company will make such a provision for the withholding of taxes as it deems necessary. The participant is responsible for making the IRS aware of this award.[5]

Up until the Fall of 2021, Ministry Brands was the parent company of Community Brands.[6] Burke alleges that Community Brands spun-off Ministry Brands as a subsidiary sometime in the Fall of 2021.[7] This spin-off purportedly resulted in the sale of Community Brands, making Community Brands the parent organization to a number of subsidiaries.[8] According to Burke, as a result of the sale, he is owed compensation.[9]

On December 21, 2021, Community Brands sent a letter to Burke at his residence, offering to promote him to Senior Director of Alliances,[10] increase his annual salary to $150,000, and invite him to "participate in a variable compensation plan equal to $150,000 annually" ("Offer Letter").[11] The Offer Letter was signed by

---

[5] *Id.*
[6] Pl.'s Compl. ¶ 8.
[7] Pl.'s Compl. ¶ 7.
[8] *Id.*
[9] *Id.* ¶ 9.
[10] Defs.' Mot. to Dismiss at 2, Trans. ID 70295563 (June 30, 2023); *see also* Pl.'s Compl., Ex. B, Trans. ID 69926981 (May 1, 2023).
[11] *Id.*

Community Brands on December 21, 2021 and by Burke on January 4, 2022.[12] The Offer Letter contains a clause which states in pertinent part:

> this offer letter sets forth the terms and conditions of your employment with the Company and supersedes any and all prior representations and agreements, whether written or oral . . . This offer letter is governed by Delaware law.[13]

On January 13, 2023, Community Brands terminated Burke's employment as a result of restructuring.[14] On February 14, 2023, Burke contacted Community Brands requesting payment allegedly owed to him under the Award.[15] On March 14, 2023, Community Brands' General Counsel responded to Burke via letter stating that Community Brands "did not validly issue Burke any Award" and, even if it did, the Offer Letter superseded all prior agreements.[16]

## B.  Procedural History

On May 1, 2023, Burke filed his Complaint requesting a declaratory judgment against Community Brands and alleging, in the alternative, a breach of contract claim.[17] Burke alleges that Community Brands breached the terms of the Award

---

[12] Pl.'s Compl., Ex. B.
[13] Pl.'s Compl., Ex. B.
[14] Pl.'s Compl. ¶ 10.
[15] Defs.' Mot. to Dismiss at 3.
[16] Pl.'s Compl. ¶ 11; *see also* Pl.'s Compl., Ex. B.
[17] *See* Pl.'s Compl. Should the merger clause not apply to the Award and Community Brands was not sold, Plaintiff is requesting a declaratory judgment rendered in his favor and seeks relief on that basis. Alternatively, if the merger clause does not apply to the Award and Community Brands was sold in Fall 2021, then the requested relief falls under a breach of contract claim. Pl.'s Ans. Br. in Opp'n to Defs.' Mot. to Dismiss at 9.

because it: (1) failed to provide Burke with payment from its Fall 2021 sale of Community Brands, and (2) continuously failed to recognize the Award as a valid, binding contract.[18] On June 30, 2023, Community Brands filed a Motion to Dismiss the Complaint ("Motion") pursuant to Rule 12(b)(6),[19] arguing that the Offer Letter contains a merger clause which supersedes the Award.[20] On August 17, 2023, Burke filed an Answering Brief in Opposition to Defendants' Motion to Dismiss,[21] arguing the Award and the Offer Letter are two separate agreements and the latter is not superseded by the former.[22] Additionally, Burke alleges the parties did not intend to contract away Burke's Award by offering him a promotion.[23] On September 6, 2023, Community Brands submitted to the Court Defendants' Reply Brief, reiterating its argument that the Offer Letter supersedes the Award and that Burke has no right to any further compensation.[24]

## III. STANDARD OF REVIEW

---

[18] Pl.'s Compl.

[19] Super. Ct. Civ. R. 12(b)(6). Failure to state a claim.

[20] Defs.' Mot. to Dismiss at 1. Although Community Brands argues in two sentences in its Motion to Dismiss that the Award is invalid, it provides no caselaw to support this argument and does not mention it again in any supplemental filing beyond using the word "unverified" once in its Reply Brief. Defs.' Mot. to Dismiss at 5; Defs.' Reply Br. in Supp. of Their Mot. to Dismiss the Compl. at 6, Trans. ID 70805834 (Sept. 6, 2023). Further, Community Brands' Reply Brief appears to concede the Award was a prior agreement when it argues, "[t]he 2018 Agreement is just that – a prior written agreement," and "the 2018 Agreement no longer controls. . ." seemingly admitting that the Award controlled at one time. Def's Reply Brief at 4- 5.

[21] Pl.'s Ans. Br. in Opp'n to Defs.' Mot. to Dismiss.

[22] *Id.* at 1.

[23] *Id.* at 5.

[24] Defs.' Reply Br. in Supp. of Their Mot. to Dismiss the Compl. at 2, Trans. ID 70805834 (Sept. 6, 2023).

Pursuant to Superior Court Rule 12(b)(6), the Court may dismiss an action for failure to state a claim upon which relief can be granted.[25] In reviewing a motion to dismiss, the Court will accept all well-pled allegations as true and draw every reasonable factual inference in favor of the non-moving party.[26] To survive a motion to dismiss, the non-moving party must show there is a reasonable conceivability for his contentions.[27] The Court will dismiss a complaint only if it appears "with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[28]

## IV. DISCUSSION

The issue raised is one of pure contractual interpretation—whether the merger clause in the Offer Letter is limited to matters of employment or includes previously agreed-to management incentive awards. In interpreting the scope of a merger clause, the Court gives "priority to the parties' intentions as reflected in the four corners of the agreement."[29] A merger clause is interpreted "according to [its] plain meaning when its terms are unambiguous."[30] A clause breeds ambiguity when "the provisions in controversy are reasonably or fairly susceptible of different

---

[25] Super. Ct. Civ. R. 12(b)(6).

[26] *Id.*

[27] *Cent. Mort. Co. v. Morgan Stanley Mort. Capital Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).

[28] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

[29] *James v. United Medical, LLC*, 2017 WL 1224513 at *5 (Del. Super. Mar. 31, 2017) (citing *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009)).

[30] *Focus Fin. Partners, LLC v. Holsopple*, 241 A.3d 784, 822 (Del. Ch. 2020) (internal citations omitted).

interpretations."[31]  When determining whether a merger clause extends to a prior agreement, the parties' intent controls.[32]  This determination requires consideration of "facts and circumstances surrounding the execution"[33] of the clause.  Dismissal may only occur when the "defendant's interpretation is the *only* reasonable construction as a matter of law."[34]

Accepting the well-pled allegations as true and drawing all reasonable factual inferences in favor of the non-movants, the Court cannot conclude as a matter of law that Community Brands' interpretation is the only reasonable construction.  Burke's interpretation that the Offer Letter's merger clause does *not* extend to the Award is a reasonable construction.  Further, Community Brands fails to provide the Court with any law supporting its contention that an Offer Letter merger clause supersedes a prior agreement for a portion of company sale profits offered *by the same company*.  Burke compares the award of company sale profits to that of "earned restricted stock units that result in a later cash payment" and that Burke would have earned it when he executed the Award.[35]  This would operate like an already vested bonus.[36]  This makes sense.  It then follows that the Offer Letter merger clause could be reasonably

---

[31] *Kaiser Aluminum Corp. v. Matheson*, 681 A.2d 392, 395 (Del. 1996).
[32] *MicroStrategy Inc. v. Acacia Research Corp.*, 2010 WL 5550455, at *13 (Del. Ch. Dec. 30, 2010).
[33] *Carrow v. Arnold*, 2006 WL 3289582 at *4 (Del. Ch. Oct. 31, 2006).
[34] *Vanderbilt Income and Growth Associates, LLC v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996).
[35] Pl.'s Opp'n to Defs.' Mot. to Dismiss at 6.
[36] *Id*.

interpreted to pertain solely to other employment agreements discussing salary, bonus eligibility, and specifications of the position; but *not* previously paid out bonuses or allocated stock. Because there are multiple reasonable constructions of the merger clause, the Court finds the merger clause ambiguous. Accordingly, Community Brands' Motion to Dismiss must be **DENIED**.

## V.    CONCLUSION

For the reasons stated above, the Court finds the merger clause in the Offer Letter is ambiguous and Community Brands' Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

_____/s/ Jan R. Jurden_____

Jan R. Jurden, President Judge

cc: Prothonotary

8